O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROBERTO ACOSTA, | ) | NO. CV 06-3218-E |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| | ) | |
| JO ANNE B. BARNHART, COMMISSIONER | ) | |
| OF SOCIAL SECURITY ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |

**PROCEEDINGS**

Plaintiff filed a Complaint on May 31, 2006, seeking review of the Commissioner's denial of benefits. The parties filed a consent to proceed before a United States Magistrate Judge on June 15, 2006.

Plaintiff filed a motion for summary judgment on November 10, 2006. Defendant filed a cross-motion for summary judgment on December 11, 2006. The Court has taken both motions under submission without oral argument. See L.R. 7-15; "Order," filed May 31, 2006.

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

Plaintiff, a former forklift operator, asserted disability based on a variety of alleged physical impairments (Administrative Record ("A.R.") 69-143). The Administrative Law Judge ("ALJ") examined the medical record and heard testimony from Plaintiff, a medical expert, and a vocational expert (A.R. 19-610).

The ALJ found Plaintiff no longer can performed Plaintiff's past relevant work, but retains the residual functional capacity to perform certain sedentary jobs identified by the vocation expert (A.R. 23-26). The Appeals Council denied review (A.R. 7-9).

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used proper legal standards. See DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991); Swanson v. Secretary of Health and Human Serv., 763 F.2d 1061, 1064 (9th Cir. 1985). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and quotations omitted).

This Court "may not affirm [the Administration's] decision simply by isolating a specific quantum of supporting evidence, but must also consider evidence that detracts from [the Administration's]

conclusion." Ray v. Bowen, 813 F.2d 914, 915 (9th Cir. 1987) (citation and quotations omitted). However, the Court cannot disturb findings supported by substantial evidence, even though there may exist other evidence supporting Plaintiff's claim. See Torske v. Richardson, 484 F.2d 59, 60 (9th Cir. 1973), cert. denied, 417 U.S. 933 (1974); Harvey v. Richardson, 451 F.2d 589, 590 (9th Cir. 1971).

**SUMMARY OF PLAINTIFF'S ARGUMENTS**

Plaintiff argues:

1. The ALJ allegedly erred in analyzing the medical evidence; and

2. The ALJ allegedly erred in finding Plaintiff's testimony not credible.

**DISCUSSION**

After consideration of the record as a whole, Defendant's motion is granted and Plaintiff's motion is denied. The Administration's findings are supported by substantial evidence and are free from material[1] legal error.

///

---

[1] The harmless error rule applies to the review of administrative decisions regarding disability. See Curry v. Sullivan, 925 F.2d 1127, 1129 (9th Cir. 1991); see also Batson v. Commissioner, 359 F.3d 1190, 1196 (9th Cir. 2004); Tonapetyan v. Halter, 242 F.3d 1144, 1148 (9th Cir. 2001).

## I. The ALJ did not Commit Material Error in Analyzing the Medical Evidence.

Substantial evidence supports the ALJ's conclusion Plaintiff can work. Doctor Brett Peterson, an examining orthopedic surgeon, found limitations essentially consistent with those found by the ALJ (A.R. 26, 455-60). See Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001) (consulting examiner's opinion is substantial evidence that can support an ALJ's finding of nondisability).

The medical expert and state agency physician found limitations no greater than those found to exist by the ALJ (A.R. 378, 603). Where, as here, the opinion of a non-examining expert does not contradict "all other evidence in the record," the Administration properly may rely upon such opinion. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Curry v. Sullivan, 925 F.2d at 1130 n.2. The Administration may not rely solely upon the opinions of non-examining experts. See, e.g., Lester v. Chater, 81 F.3d 821, 833 (9th Cir. 1995); Erickson v. Shalala, 9 F.3d 813, 818 n.7 (9th Cir. 1993). Reliance was not sole in the present case.

Significantly, no physician opined Plaintiff was totally disabled from all employment for any twelve-month period. See Matthews v. Shalala, 10 F.3d 678, 680 (9th Cir. 1993) (in upholding the Administration's decision, the Court emphasized: "None of the doctors who examined [claimant] expressed the opinion that he was totally disabled"); accord Curry v. Sullivan, 925 F.2d 1127, 1130 n.1 (9th Cir. 1990). Dr. Stokes opined on a temporary basis that

3

Plaintiff could not return to his prior employment (A.R. 435-50). However, Dr. Stokes never opined Plaintiff was disabled from all employment.

Plaintiff cites certain consultative experts whose opinions arguably conflict with other medical opinion in the record. Plaintiff's citations are unavailing. It was the prerogative of the ALJ to resolve the conflicts and ambiguities in the evidence. See Lewis v. Apfel, 236 F.3d 503, 509 (9th Cir. 2001). Where, as here, the evidence "is susceptible to more than one rational interpretation," the Court must uphold the administrative decision. Andrews v. Shalala, 53 F.3d 1035, 1039-40 (9th Cir. 1995); accord Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997); see also Morgan v. Commissioner, 169 F.3d 595, 601 (9th Cir. 1999) (where medical reports are inconclusive, the resolution of conflicts in the evidence is the province of the Commissioner); Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1986)(an ALJ need not explicitly detail reasons for rejecting the contradicted opinions of non-treating physicians).

The vocational expert testified that a person having the limitations identified by the ALJ could perform jobs existing in significant numbers in the local and national economy (A.R. 607-08). This testimony furnishes substantial evidence there exist significant numbers of jobs Plaintiff can perform. See Burkhart v. Bowen, 856 F.2d 1335, 1340 (9th Cir. 1988); see also Barker v. Secretary of Health and Human Serv., 882 F.2d 1474, 1478-80 (9th Cir. 1989); ///

1  Martinez v. Heckler, 807 F.2d 771, 775 (9th Cir. 1986); see generally
2  42 U.S.C. § 423(d)(2)(A).[2]

**II.     The ALJ Properly Rejected Plaintiff's Credibility.**

Plaintiff argues the ALJ erred in failing to state sufficient reasons for finding Plaintiff's testimony not credible.[3]  Plaintiff has failed to demonstrate any material error.  An ALJ's assessment of a claimant's credibility is entitled to "great weight."  Weetman v. Sullivan, 877 F.2d 20, 22 (9th Cir. 1989); Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1985).  The discounting of a claimant's testimony regarding subjective symptoms must be supported by specific, cogent findings.  See Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995); Varney v. Secretary of Health and Human Serv., 846 F.2d 581, 584 (9th Cir. 1988); see also Smolen v. Chater, 80 F.3d 1273, 1282-84 (9th Cir. 1996).[4]  The ALJ stated sufficient reasons for finding Plaintiff's testimony not credible.

///

---

[2] Moreover, the vocational expert also testified that even a person limited to occasional reaching and handling could perform at least one of the identified jobs (A.R. 608).

[3] Unaccountably, Defendant's motion fails to address this argument.

[4] In the absence of evidence of "malingering," some Ninth Circuit cases have applied the seemingly more rigorous "clear and convincing" standard.  See Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003); Ballard v. Apfel, 2000 WL 1899797 *2 n.1 (C.D. Cal. Dec. 19, 2000) (collecting cases).  In the present case, the ALJ's findings pass muster under either the "specific, cogent" standard or the "clear and convincing" standard, so any distinction between the two standards is academic.

1        The ALJ expressly and correctly noted a glaring inconsistency
2   between Plaintiff's testimony and statements attributed to Plaintiff
3   in a medical report (A.R. 23).  Plaintiff testified to limited
4   mobility and extremely limited exertional capacity, and Plaintiff
5   denied ever having been in Australia, but admitted an August, 2004
6   hospitalization at East Valley Hospital Medical Center (A.R. 590-99).
7   According to the medical report of this August, 2004 hospitalization,
8   however, Plaintiff reported that the necessity for the
9   hospitalization developed while he was "doing a lot rock climbing" in
10  Australia (A.R. 569).  As the ALJ aptly noted, the report appears to
11  describe Plaintiff accurately, which renders the possibility of a
12  mistaken report regarding Australian rock climbing very unlikely.
13  The noted inconsistency justifies the rejection of Plaintiff's
14  credibility.  See Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir.
15  2002) (inconsistency between the claimant's testimony and the
16  claimant's conduct supported rejection of the claimant's
17  credibility); Verduzco v. Apfel, 188 F.3d 1087, 1090 (9th Cir. 1999)
18  (inconsistencies between claimant's testimony and actions cited as a
19  clear and convincing reason for rejecting the claimant's testimony);
20  Branner v. Secretary, 839 F.2d 432, 433 (9th Cir. 1987)
21  (misrepresentations made by claimant in the course of pursuing
22  disability benefits justifies rejection of claimant's credibility).

24       Moreover, the ALJ properly considered Plaintiff's demeanor at
25  the hearing in evaluating Plaintiff's credibility.  Contrary to
26  Plaintiff's apparent argument, the "ordinary techniques of
27  credibility evaluation," including consideration of demeanor
28  ///

evidence, should be applied in disability hearings.  See <u>Fair v. Bowen</u>, 885 F.2d 597, 604 n.5 (9th Cir. 1989).

**CONCLUSION**

For all of the foregoing reasons,[5] Plaintiff's motion for summary judgment is denied and Defendant's motion for summary judgment is granted.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: December 21, 2006.

_____/s/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[5] The Court has considered and rejected each of Plaintiff's arguments. The Court discusses Plaintiff's principal arguments herein.

7